PRESENTACIÓN PAZ DE BARLETTA, Appellant, *v.* REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. 869. Submitted July 5, 1932.—Decided July 22, 1932.

*Oscar Souffront* for appellant. The registrar did not appear.

MR. JUSTICE ALDREY delivered the opinion of the Court.

The general civil partnership Successors of Bianchi was dissolved by a public deed executed in 1925 and no liquidator was appointed. All the members of the partnership signed a public deed in 1930 whereby they sold to Presentación Paz de Barletta a one-story house which is recorded in the registry of property in the name of the firm, for a price acknowledged to have been received prior to the dissolution. These deeds were presented in the registry for the purpose of recording the sale, but the registrar denied the record for the following reasons: "Because from both instruments it appears that the said partnership was dissolved and became extinguished in the year 1925 for all legal purposes, and by the first document the partners of the firm, who are persons other than said partnership, five years after its dissolution, revive the partnership and assuming their former character sell by the present deed an urban property which is still recorded in the registry in the name of said partnership; an act which they were not authorized to perform for lack of capacity and power to contract in the name of said partnership and because the property was recorded in the registry of property in the name of a person other than the vendor, as stated above, for which reason the sale embodied in the document whose record is denied, has no legal force, notwithstanding the recital therein to the effect that the purchase price of the sale had been received prior to the dissolution of the said partnership, a fact which is in conflict with the sale made at the present time as mentioned above." The vendee took the present appeal from that refusal.

The dissolution of a partnership operates as its extinction, whether the partnership is civil or commercial. A dissolved partnership has no existence as such a partnership, and for that reason the former partners can not act in its name, and have no power to alienate in the name of the dissolved partnership property belonging thereto. It is true that section 229 of the Code of Commerce, relevant to this case in con-

nection with section 1572 of the Civil Code, provides that when general or limited partnerships are dissolved, if no liquidator is appointed, the persons who managed the common funds shall continue in charge of the liquidation, should there be no opposition on the part of any of the partners, but that provision is not applicable to the case at bar because the sale involved in this appeal was made by the former members of the partnership and in its name after its dissolution, and that act is not validated by the recital that the purchase price was received before the dissolution of the partnership, because said recital does not alter the fact that the former members of the dissolved partnership are not authorized to execute conveyances in its name.

The decision appealed from must be affirmed.